IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| NESTOR A. ORTIZ-MONTERO | * | CIVIL NO. 23-1090 (  ) |
|     Plaintiff | * | |
| | * | |
| v. | * | ABOUT: |
| | * | 28 U.S.C. Sec 1331 et al. and 1367 |
| COMMONWEALTH OF PUERTO RICO, its | * | Discrimination under Title VII of |
| agencies ADMINISTRATION OF CORRECTION, | * | Civil Rights Act 1964 |
| DEPARTMENT OF CORRECTION | * | Retaliation / Reprisal under Title VII |
| AND  REHABILITATION, | * | of Civil Rights Act 1964 |
| HON. DOMINGO EMMANUELLI | * | |
| EDUARDO RIVERA-JUANATEY | * | |
| HON. ANA I. ESCOBAR-PABON | * | |
| JOSE ORTIZ-RIOS | * | |
| NICANOR CARO-DELGADO | * | |
| JOHN DOE, RICHARD ROE and their respective | * | |
| insurance companies | * | JURY TRIAL |
|     Defendants | * | |

****************************************

**COMPLAINT**

**TO THE HONORABLE COURT:**

    **COME NOW** plaintiff, through the undersigned attorney and respectfully alleges and request as follows:

**I.**      **JURISDICTION:**

    1.     This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Civil Rights Act 1964, Discrimination and Retaliation / Reprisal.

    2.     This Honorable Court also has venue pursuant to 28 United States Code § 1391 since the claims asserted in this action arose in this judicial district.

    3.     Trial by jury is hereby requested.

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 2

4. This is also a claim against the Commonwealth of Puerto Rico and its agencies; Administration of Correction and Department of Correction and Rehabilitation.

5. The United States Supreme Court issued a decision defining the Commonwealth of Puerto Rico. It was created by law by the Congress. It is not a State, so it should not be covered by any constitutional immunity established only for the states. *Commonwealth of Puerto Rico v. Sánchez Valle, Et. Al., No. 15-108 (June 9, 2016)* and *Commonwealth of Puerto Rico v. Franklin California Tax-Free Trust, Et. Al., No. 15-233 (June 13, 2016)*.

6. This is also a claim against the mentioned individuals in their personal capacity for their illegal actions and wrongdoing against the plaintiffs as per the facts in the Complaint.

**II.   PARTIES:**

7. Plaintiff Nestor A. Ortiz-Montero, of legal age, married, citizen of the United States and resident of Puerto Rico with address PO Box 33-2144, Ponce, Puerto Rico 00733-2144.

8. Co-defendant Administration of Correction is and agency under the Department of Correction and Rehabilitation, it is an agency of the state government of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico.

9. Co-defendant Commonwealth of Puerto Rico is represented by Domingo Emanuelli, Secretary of Justice of the Commonwealth of Puerto Rico.

10. Co-defendant Eduardo Rivera Juanatey, is an american citizen and has been residing in Puerto Rico, of legal age. He was employee of the Commonwealth of Puerto Rico, Secretary of the Department of Correction and Rehabilitation and Administrator of the Administration of Correction at the time of the facts alleged in the Complaint.

11.     Co-defendant Ana I. Escobar-Pabon, is an american citizen and has been residing in Puerto Rico, of legal age, employee of the Commonwealth of Puerto Rico, Secretary of the Department of Correction and Rehabilitation and Administrator of the Administration of Correction.

12.     Jose Ortiz-Rios is employee of the Commonwealth of Puerto Rico, Regional Director at Ponce Correctional Facilities of the Department of Correction and Rehabilitation and the Administration of Correction. He is a law enforcement officer and was acting under color of law at the time of his actions against plaintiff, described in this complaint.

13.     Nicanor Caro-Delgado, is employee of the Commonwealth of Puerto Rico, Director of Security at Ponce Correctional Facilities of the Department of Correction and Rehabilitation and the Administration of Correction. He is a law enforcement officer and was acting under color of law at the time of his actions against plaintiff, described in this complaint.

14.     John Doe and Richard Roe are those persons who are in any way responsible to cause the facts that give reason for this claim. Included are the insurance companies of all the defendants.

**III.    FACTS**:

15.     Plaintiff Nestor A. Ortiz-Montero began his career in public service as Correctional Officer I on April 30 from 1990 to 1 June 2000. He was reclassified by the Department of Correction on June 1, 2000 as Clerk II. However, he have served as a middle and senior supervisor since 1996 without being compensated as such.

16.     Plaintiff Nestor A. Ortiz-Montero was an intermediate supervisor as a Lieutenant in the Security Company from July 1st 1996 to 2000.

17.     Plaintiff Nestor A. Ortiz-Montero applied for the position of superintendent in

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 4

accordance with the laws and regulations of the agency but instead on March 4, 2019, he was granted a differential pay of $400.00 per month, by his interim appointment as Superintendent of Correctional Facilities. It is effective as of February 22, 2019. He was not paid retroactively

18. Plaintiff Nestor A. Ortiz-Montero was a senior supervisor or manager appointed as Superintendent of Corrections (interim) from 17 January 2017 to the present. He received a Letter signed by the Secretary of Correction, granting a differential pay after performing the duties for thirty (30) days without interruption. He was never paid while working and performing the duties of Superintendent for the duty performed before, 2 years and 2 months.

19. On 21 March 2019, Ms. Noemi Rivera-Hernández, Analysis & Compensation, Human Resources Office of the Department of Corrections, indicated Plaintiff Nestor A. Ortiz-Montero that he did not qualify for the position of Superintendent and what he was granted was a differential for his outstanding and extraordinary work performed.

20. At the time of Plaintiff Nestor A. Ortiz-Montero requests, he has a Bachelor's Degree in Business Administration from the Catholic University (Management and Human Resources) and a Master's Degree in Criminal Justice and Criminology from the Universidad del Este. He held intermediate and senior supervisory positions including the position of Superintendent of Corrections for over two (2) years. He applied and competed for the position, fulfilling all the requirements. Plaintiff Nestor A. Ortiz-Montero performance has been excellent throughout his twenty-nine (29) year of service and his career with the agency.

21. Plaintiff Nestor A. Ortiz-Montero have been discriminated against at his job because of his political affiliation (violation of freedom of speech and violation of freedom to assemble

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 5

(political affiliation), First Amendment - freedom of speech, freedom of assemble); violated his constitutional right to due process of law (illegally removed from promotion and/or selection process), Fifth Amendment - constitutional due process; violated his constitutional right to property (illegally denied promotion, pay equal to position held), Fourteenth Amendment.

22. Plaintiff Nestor A. Ortiz-Montero was a member of the *Organizacion de Servidores Publicos Progresistas* from 2015-2017, a public organization that promoted the PNP political party. The Commonwealth of Puerto Rico was under the administration of sympathizers and members of the opposing political party, the PPD.

23. Plaintiff Nestor A. Ortiz-Montero immediate supervisors and the next level supervisors are affiliated to oppositive political parties from the ones of the plaintiff. Plaintiff has been push to resign due by defendants, constructive discharge.

24. Plaintiff Nestor A. Ortiz-Montero immediate supervisor and the next level supervisors were affiliated to oppositive political parties (PPD) from the one that he was affiliated (PNP). Plaintiff had been push to resign by defendants. Plaintiff Nestor A. Ortiz-Montero immediate supervisor was Jose Ortiz-Rios and he is affiliated to the PPD. The supervisors and chain of command of Jose Ortiz-Rios at this moment is unknown, but they are presumably employees of the defendant Department of Correction and Rehabilitation and/or the Administration of Correction.

25. Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on July 3, 2019. The complaint was referred to the U. S. Department of Justice, Civil Rights Division issued a Notice of Right to Sue upon plaintiff's request. The Notice was received by Plaintiff around January 15, 2020.

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 6

26. Plaintiff Nestor A. Ortiz-Montero filed a *Complaint* {Ortiz-Montero, et al. v. Commonwealth, et al. CIVIL NO. 20-1091 (DRD)} on February 18, 2020. Summons were served on defendants shortly after filing the *Complaint*.

27. A campaign of reprisal/retaliation against plaintiff Nestor A. Ortiz-Montero started by defendants after the EEOC complaint and after the civil complaint was filed.

28. Nicanor Caro-Delgado, Director of Security at Ponce, threatened plaintiff Nestor A. Ortiz-Montero with his dismissal (firing) if he complaint about anything related with his duties and responsibilities. Nicanor Caro-Delgado told him that co-defendant Eduardo Rivera-Juanatey will do it.

29. Jose Ortiz-Rios, Regional Director, transferred plaintiff Nestor A. Ortiz-Montero without any reasons to cover a lesser important post, (demotion and stripping of functions).

30. Jose Ortiz-Rios, Regional Director, discriminated and penalized plaintiff Nestor A. Ortiz-Montero; he and all his peers of the same rank/position were sent to train in COVID-19 protocols at Bayamon. Then all participants besides plaintiff Nestor A. Ortiz-Montero were sent home for 14 days for quarantine and in preparation for COVID-19.

31. On June 28, 2020 an inmate was found dead in Ponce. Nicanor Caro-Delgado, Director of Security at Ponce, threaten plaintiff Nestor A. Ortiz-Montero with dismissal (firing) upon the death of an inmate in Ponce on June 28, 2020. Caro-Delgado, in front of several co-workers, accused plaintiff Nestor A. Ortiz-Montero of committing a felony in front of several co-workers. Upon arriving to the jail, Caro-Delgado claimed that plaintiff moved the body of the inmate after he was killed.

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 7

32. Jose Ortiz-Rios falsified plaintiff Nestor A. Ortiz-Montero pay/attendance at work. Ortiz-Rios entered information contrary to plaintiff entry in the attendance sheet, later correcting it after plaintiff complained and objected.

33. Plaintiff Nestor A. Ortiz-Montero is a Superintendent and worked as such during the COVID-19 but was never paid the incentive for working, two thousand dollars ($2,000.00) paid to the others superintendent an all correctional officers in the Department of Correction and Rehabilitation and/or the Administration of Correction.

34. Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) for retaliation/reprisal on July 15, 2020.

35. On January 20, 2022, Plaintiff Nestor A. Ortiz-Montero filed an application for the position of Superintendent of Correctional Institutions following the announcement of the Department of Correction and Rehabilitation. He filed the application personally before the Human Resources Office. The position number was the position occupied by the Plaintiff.

36. In the meantime, the depositions of defendant Nicanor Caro-Delgado and defendant Jose Ortiz-Rios and the Human Resources Director (Eliezar Ortiz Santiago) that were scheduled had to be cancelled due to them.

37. On February 22, 2022, Plaintiff Nestor A. Ortiz-Montero was summoned for a formal interviewed at the Human Resources Office for the position that he applied. The interviewing panel was composed of six (6) people, one (1) of which is a defendant in this case:

    A. Jose Cintron Torres (field inspector)

    B. Orlando Rodriguez Cochran (interim field inspector)

c:\claims\nortizmontero.101

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 8

       C.  Cynthia Muntaner  (field inspector)

       D.  Eligio Villegas Martinez  (field inspector)

       E.  An unknown special aid of the Secretary Ana I. Escobar-Pabon (possible Edgardo Virella)

       F.  Co-defendant Nicanor Caro-Delgado  (Regional Deputy Director)

38. Only days after the defendants were ordered to appear to their depositions, on April 12, 2022, Plaintiff Nestor A. Ortiz-Montero was summoned to the Human Resources Office.

39. On April 13, 2022, Plaintiff Nestor A. Ortiz-Montero was given the letter (personally) by the Human Resources Director Eliezar Ortiz Santiago. Eliezar Ortiz Santiago told him that "*Hoy hubo empleados seleccionados y no seleccionados para el cargo de Superintendente, y tu no fuiste seleccionado*" (Today were employees selected and non selected for the position of Superintendent, and you were not selected).

40. The letter was dated April 12, 2022 and do not have any information of the application nor the selection of the employees. The letter ordered the Plaintiff Nestor A. Ortiz-Montero to the previously position occupied, Clerk II. It is a demotion in rank / Position and a reduction in pay. A demotion from a position that he occupied since 2017 and it was supposed to be converted to a permanent position long time ago.

41. Defendants action are in reprisal and retaliation for the administrative claims and complaints filed before the agency and before the EEOC and the US District Court.

42. During the monthly meeting of the Superintendent with the Secretary of the Department; co-defendant Nicanor Caro-Delgado walked by Plaintiff Nestor A. Ortiz-Montero and

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 9

Edwin Soto-Rivera. While passing next to plaintiff, defendant Caro said "Yo colge a muchos en las entrevistas para superintendente" (I hang many at the superintendent interviews).

43. The defendants, supervisors, administrators, directors were negligent and caused emotional and mental damage and anguish to the plaintiffs. The co-defendants while acting under color of law violated the Civil Rights discriminated against the plaintiff causing damages to the plaintiff.

44. Plaintiff Nestor Ortiz-Montero suffered retaliation/reprisal from defendants for filing a EEOC complaint and a civil complaint, he was demoted and his salary was reduced illegally, it will adversely affect his current and future salary and retirement.

45. Plaintiff filed *Motion for voluntary dismissal without prejudice* of the *Complaint* {Ortiz-Montero, et al. v. Commonwealth, et al. CIVIL NO. 20-1091 (DRD)} without opposition of the defendants and the Court issued the Judgment on November 30, 2022, granting the dismiss without prejudice.

### III. DAMAGES:

46. Plaintiff Nestor Ortiz-Montero, civil rights were violated, he was discriminated, his rights under Title VII were violated, he suffered moral damages and mental anguish, monetary loss, lost of income, damages estimated on $1,000,000.00.

47. Plaintiff Nestor Ortiz-Montero, rights under the before mentioned federal laws were violated, he is entitle to monetary compensation; and attorney fees, damages estimated on $500,000.00.

48. Plaintiff Nestor Ortiz-Montero, damages included the loss of the proper compensation

COMPLAINT
CIVIL NO. 23-1090 (   )
Page 10

in relation to the position that we has been working since 2017.  Damages estimated on $50,000.00.

49.	Plaintiff Nestor Ortiz-Montero he suffered retaliation/reprisal from defendants for filing a EEOC complaint and a civil complaint, damages, for the period 2020 - January 2022. Damages estimated on $100,000.00.

50.	Plaintiff Nestor Ortiz-Montero suffered retaliation/reprisal from defendants for filing a EEOC complaint and a civil complaint, he was demoted and his salary was reduced illegally, he was demoted, ostracized, etc. and it will adversely affect his current career, his present & future salary and his retirement, for the period January 2022 - present. Damages estimated on $500,000.00.

51.	Plaintiff Nestor Ortiz-Montero, damages included the loss of special pay, incentive for working of two thousand dollars ($2,000.00).

**IN WITNESS WHEREOF** it is respectfully requested from this Honorable Court that judgment be entered against the defendant awarding damages to plaintiffs for no less than two millions one hundred fifty two thousand dollars ($2,152,000.00) plus cost, expenses, and a reasonable amount for attorneys fees, grant plaintiffs such other relief as it may deem proper under the circumstances and pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs also hereby request a trial.

**JURY TRAIL DEMANDED.**

Respectfully submitted.

In Ponce, Puerto Rico this 27th day of February of 2023.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF system in US District Court and the Clerk will electronically send it to:

c:\claims\nortizmontero.101

**COMPLAINT**
**CIVIL NO. 23-1090 (   )**
**Page 11**

        **RODRIGUEZ LOPEZ LAW OFFICE**, P. S. C.
        Juan R. Rodriguez
        PO Box 7693
        Ponce, Puerto Rico 00732-7693
        Tel:  (787) 843-2828 / 843-2900 Fax: 284-1267
        Email:  **juan_r_rodriguez00732@hotmail.com**
                **juan.r.rodriguez00732@gmail.com**

By:    *S\Juan R. Rodriguez*
        **JUAN R. RODRIGUEZ**
        USDC-PR 214410

c:\claims\nortizmontero.101